IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00251-MSK-MJW

DENNIS EVANS,

Plaintiff,

v.

ULTIMATE ESCAPES HOLDINGS, LLC, et al.,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that the Motion of Defendants Ultimate Escapes Holdings, LLC ("Ultimate") and Private Escapes Platinum, LLC ("Private") to Stay Discovery Portion of Scheduling Order Until After the Court Rules Upon the Objection of Defendants Ultimate Escapes Holdings, LLC and Private Escapes Platinum, LLC to Portion of the Scheduling Order Requiring Discovery to Begin Before the Court Rules on Private Escapes Platinum, LLC's Motion to Stay Proceedings and Compel Arbitration and Rule 7.1A Certification (docket no 28) is **DENIED** for the following reasons and consistent with D.C.COLO.LCivR 7.1 C that states, *in pertinent part,* " . .. Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."

Defendants Ultimate and Private have taken the position that Ultimate did not purchase Plaintiff's membership in Private but only purchased other assets such as real estate from Private. Therefore, Defendants contend that the Plaintiff cannot enforce the contract against Ultimate because Ultimate is not in privity of contract, that ***paragraph 9.5 Arbitration*** in the written Membership Agreement between Private and Plaintiff thus applies only with respect to Private, not Ultimate, and that Plaintiff must therefore arbitrate his $200,000 membership fee dispute with Private.

Defendants collectively further take the position that any individuals who had similar memberships in Private and who now want be under membership with Ultimate had to re-sign a new written membership agreement with Ultimate.

Accordingly, good cause **has not** been shown by the Defendants collectively to stay discovery because, even if Judge Krieger rules that Plaintiff must arbitrate his $200,000 membership fee dispute with Private, the claims between Plaintiff and Ultimate would still go forward in the United States District Court for the District of

Colorado, and discovery would have to take place anyway. For these reasons, the subject motion (docket no. 28) should be denied.

Date: June 2, 2010